UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA LOMBARDO, | Case No. 2:17-CV-2242 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Lombardo v. Property and Casualty Insurance Company of Hartford et al*, case number 2:17-cv-02242-JCM-PAL.

**I.     Background**

Plaintiff purchased a homeowner's insurance policy in late 2012 from defendant Property and Casualty Insurance Company of Hartford ("Hartford") on her residence at 1725 Bannie Ave., Las Vegas, NV 89102 ("the residence"). (ECF No. 1-1 at 42). Around October 28, 2013, a windstorm caused trees to fall onto plaintiff's residence. *Id.* Sometime thereafter, plaintiff's house became not fit to live in, and Hartford, through its agent ALE Solutions ("ALE"), coordinated temporary housing for plaintiff. *Id.* at 43.

Around December 17, 2014, plaintiff leased the premises located at 3100 Plaza De Rosa, Las Vegas, Nevada ("the premises") from Brown Blankfield Group ("landlord"). *Id.* Plaintiff claims that the premises were selected in part due to plaintiff's unique situation (plaintiff is 84 years old, legally blind, and provides full-time care for her 63-year old daughter with special needs). Hartford paid rent on the premises up until June 30, 2017. *Id.* at 44. The payments were made under the "Loss of Use" provision of plaintiff's contract with Hartford, which has a $79,400

cap. *Id.* at 66 (providing a copy of the continuation page of the homeowner's policy that details limits on liability); *id.* at 90 (providing a copy of the insurance contract and the "Loss of Use" provision).

Prior to ceasing rent payments, Hartford, through ALE, informed the landlord of its intent to cease payments. *Id.* The landlord initiated eviction proceedings against plaintiff, and a hearing was held on July 27, 2017. *Id.* The parties have not advised the court on the status of eviction proceedings.

On August 2, 2017, plaintiff filed a complaint in state court against Hartford, ALE, and unnamed defendants. *Id.* at 27. Plaintiff asserts six causes of action: (1) breach of contract against Hartford and ALE; (2) breach of implied covenant of good faith and fair dealing against Hartford and ALE; (3) breach of fiduciary duty against Hartford and ALE; (4) intentional infliction of emotional distress against Hartford and ALE; (5) insurance bad faith against Hartford; and (6) a request for injunctive relief against Hartford and ALE. *Id.* at 17-26.

On August 24, 2017, Hartford filed a petition for removal. (ECF No. 1). In its notice, Hartford does not discuss any motions pending in state court at the time of removal. *Id.* However, Exhibit 1, the state court file, includes plaintiff Patricia Lombardo's motion for preliminary injunction. (ECF No. 1-1 at 31–55). The motion was docketed in state court on August 3, 2017. (ECF No. 1-1 at 31). On August 9, 2017, Hartford received service of process of the complaint and preliminary injunction. (ECF No. 1-1 at 2). Neither defendant has responded to the motion.

## II.     Legal Standard

"An injunction is a matter of equitable discretion . . . an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S.Ct. 365,374 (2008). Courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Id.* at 20. The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

James C. Mahan
U.S. District Judge

- 2 -

Before a preliminary injunction may issue, the plaintiff must show that it will suffer an irreparable injury and otherwise lacks an adequate remedy at law to prevent such injury. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

### III. Discussion

Plaintiff requests a temporary restraining order and preliminary injunction that would compel Hartford to pay her rent for substitute housing under the "Loss of Use" provision of her insurance contract. (ECF No. 1-1 at 47–49). Plaintiff asserts that, because Hartford has not fulfilled its contractual requirement to repair her house, Hartford must continue to pay her rent for temporary housing notwithstanding the policy's $79,400 cap on loss of use payments. Plaintiff requests that the court compel defendant to make rent payments immediately. Although not directly stated in the motion, the strong inference is that plaintiff cannot otherwise make rent payments during the pendency of her case. As plaintiff is 84 years old, legally blind, and cares for her 63-year old special-needs daughter, plaintiff asserts that she would be irreparably harmed if this court does not enter a preliminary injunction.

Courts sitting in equity generally do not issue preliminary injunctions to compel payments under a contract during the pendency of a case. The Supreme Court considered the issue in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), stating:

> "[A]n injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity. Those rare cases in which a court of equity would decree specific performance of a contract to transfer funds were suits that, unlike the present case, sought to prevent future losses that were either incalculable or would be greater than the sum awarded."

*Id.* at 210–11 (citations and footnote omitted).

Here, the plaintiff has not demonstrated irreparable harm. Plaintiff claims breach of contract against defendants Hartford and ALE and requests the court require defendants' continued performance under the contract notwithstanding the policy's $79,400 cap on loss of use payments. Plaintiff details in her motion the hardship that herself and her daughter would incur upon eviction from their temporary housing arrangement. However, plaintiff does not demonstrate that any harm occasioned upon such occurrence is incapable of being reduced to money damages or would be

less than the sum awarded on final judgment. *See Knudson*, 534 U.S. at 210–11. Therefore, plaintiff is not entitled to injunctive relief. *See id.*; *Brewer*, 757 F.3d at 1068.

**IV. Conclusion**

In the present case, plaintiff's motion does not clearly demonstrate that plaintiff is entitled to the extraordinary remedy of injunctive relief. *See Winter*, 555 U.S. at 22. Thus, at this time, the court will not compel Hartford to continue payments under plaintiff's insurance contract.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunction (ECF No. 1-1 at 31–55) be, and the same hereby is, DENIED.

DATED August 28, 2017.

_____
UNITED STATES DISTRICT JUDGE